**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4370**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEFFREY KALVIN BRADY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:15-cr-00364-JAB-7)

Submitted:  January 31, 2017      Decided:  February 2, 2017

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Kalvin Brady appeals the 98-month sentence imposed upon his guilty plea to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012). On appeal, Brady's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Brady's guilty plea and whether the sentence is reasonable. Brady has not filed a supplemental pro se brief despite being advised of his right to do so. Finding no meritorious grounds for appeal, we affirm.

First, Brady generally questions whether the district court erred in accepting his guilty plea. Because Brady did not move to withdraw his guilty plea or otherwise preserve a claim of Rule 11 error, we review for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Our review of the plea hearing reveals that the district court substantially complied with Rule 11 in conducting the plea colloquy, thus ensuring that Brady's plea was knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b).

Brady next questions the procedural and substantive reasonableness of his sentence. We review a sentence's reasonableness for abuse of discretion. United States v.

2

Howard, 773 F.3d 519, 527-28 (4th Cir. 2014). We first review for procedural error, such as improper calculation of the Sentencing Guidelines range, failure to consider the 18 U.S.C. § 3553(a) (2012) factors, selection of a sentence based on clearly erroneous facts, id. at 528, or failure to adequately explain the sentence, Gall v. United States, 552 U.S. 38, 51 (2007). Absent any procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. Sentences within a properly calculated Guidelines range are presumed reasonable, and this presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). We conclude that Brady's sentence is procedurally reasonable and that Brady has not overcome the presumption of substantive reasonableness accorded his within-Guidelines-range sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brady, in writing, of the right to petition the Supreme Court of the United States for further review. If Brady requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brady. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED